# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYMUNDO SANCHEZ-HERNANDEZ,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | CASE NO. 11-CV-2504-H<br>　　　　　99-CR-2401-H-1<br><br>Related to: USCA-01-50638<br>　　　　　　　USCA-04-50133<br>　　　　　　　USCA-06-50261<br><br>**ORDER REQUESTING PETITIONER TO RESPOND WHETHER TO PROCEED WITH HIS PETITION UNDER 28 U.S.C. § 2255** |

On May 19, 2011, Petitioner filed a petition for writ of habeas of corpus pursuant to 28 U.S.C. § 2241 in Case No. 11-CV-1120-AJB(BGS). On July 1, 2011, a district court judge dismissed Petitioner's petition under § 2241. (Doc. No. 4.) The judge also ordered the clerk of court to file the case as a petition under § 2255. This court was assigned the § 2255 petition. On December 27, 2011, Respondent filed a motion to dismiss Petitioner's § 2255 petition, arguing that it would be untimely and procedurally barred. (Doc. No. 155.) Petitioner objected to the motion on January 30, 2012. Petitioner argues that his original petition under § 2241 was impermissibly re-characterized as a petition under § 2255, but also that a motion pursuant to § 2255 would not be untimely or procedurally barred. (Doc. No. 156.)

## **Background**

On October 22, 2001, following a jury trial, the court sentenced Petitioner to 188 months for conspiracy to import and distribute methamphetamine, and for distribution and possession of methamphetamine with intent to distribute. On October 29, 2001, Petitioner filed his first appeal and the Government cross-appealed. On December 19, 2002, the Ninth Circuit denied Petitioner's appeal and granted the Government's cross-appeal. On remand for resentencing, the appellate court directed this court to add two levels for importing methamphetamine, and requested the court to provide a basis for its six-level downward departure.

This court had departed two levels for Petitioner's "extraordinary family circumstances" and his "agreement to be deported." This court also departed downward four levels under Koon v. United States, 518 U.S. 81 (1996), and United States v. Cook, 938 F.2d 149 (9th Cir. 1991), based on the "totality of circumstances," including Petitioner's attempt to plead guilty and the imposition of a lesser sentence on another defendant. Regarding the court's two-level departure, the appellate court held:

> Nothing in the record, which shows only that [Petitioner's] grandmother and father had died, reflects a basis for finding family ties to be present to an exceptional degree. Because we are unable to discern the basis for the court's determination, we remand for resentencing and an explanation of the reasons for the departure.

(USCA 01-50638.) Regarding the four-level departure, the appellate court held that a downward departure is not appropriate "to equalize sentences among codefendants unless the codefendant was convicted of the same offense as the defendant." Id. Although the appellate court acknowledged that the decision to depart "based on sentence disparity among cooperating and noncooperating defendants is within the discretion of the sentencing judge," it held that "the court gave no indication in granting the downward departure to [Petitioner], it had considered that [the other defendant] had cooperated and pled guilty." Id. After the appellate court remanded for resentencing, this court considered all applicable sentencing factors and resentenced Petitioner to a 292-month sentence on March 15, 2004. (Doc. No. 116.)

| | |
|---|---|
| 1 | Petitioner appealed the sentence on March 24, 2004. On February 18, 2005, the Ninth Circuit remanded for resentencing in light of <u>United States v. Booker</u>, 125 S. Ct. 738, 769 (2005), and <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005). On April 5, 2006, this court resentenced Petitioner to a 262-month sentence. (Doc. No. 138.) On April 13, 2006, Petitioner again appealed his sentence. On May 20, 2008, the Ninth Circuit denied Petitioner's appeal and affirmed his sentence. On May 19, 2011, Petitioner filed a petition for habeas corpus pursuant to § 2241 challenging his sentence. (Doc. No. 150.) |

## **Discussion**

The district court judge dismissed the original petition because the judge concluded that the petition is not under § 2241, but rather a petition under § 2255 challenging the sentence imposed on March 15, 2004. Section 2255 is available when a federal prisoner challenges his sentence:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). A petitioner bringing a petition under § 2255 "may move the court which imposed the sentence to vacate, set aside or correct the sentence." <u>Id.</u> In contrast, a petition may be brought under § 2241 to challenge the manner in which a petitioner's sentence is being carried out. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 1999) (per curiam).

Under narrow circumstances, petitioners may also invoke the "savings clause" of § 2255 in order file a petition under § 2241 when a petition under § 2255 would be ineffective or inadequate. <u>Id.</u> at 864-865. Section 2255 is not inadequate or ineffective simply because the petition would be procedurally barred or untimely. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003). In order to file a petition under § 2241 through the savings clause of § 2255, petitioners must show (1) that they are actually innocent and (2) that they never had an unobstructed procedural shot at raising their claims. <u>Harrison v. Ollison</u>, 519 F.3d 952, 959 (9th Cir. 2008).

A district court judge already concluded that Petitioner's petition was not appropriate under § 2241. (Case No. 11-CV-1120-AJB(BGS), Doc. No. 4.) In reviewing the petition, this Court also concludes that Petitioner attacks his sentence based on the factors the court used in determining his sentence, not the manner in which the sentence is being carried out. (Doc. No. 152.) Petitioner does not meet the savings clause under § 2241. Petitioner provides no factual basis to find that he is actually innocent of the crimes or that he never had an unobstructed procedural shot to raise his claims. As a result, the petition cannot be construed as a § 2241 petition.

Nevertheless, prior to proceeding with the petition under § 2255, the Court provides Petitioner with notice of his options. Petitioner has the option to withdraw his petition, amend his petition, or go forward with his current petition construed under § 2255. United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2000); see also Perez v. United States, 2010 U.S. Dist. LEXIS 128879, at *2-5 (S.D. Cal. 2010). The Court informs Petitioner that if he proceeds with his current petition under § 2255, a subsequent petition under § 2255 could be barred by the Antiterrorism and Effective Death Penalty Act's amendment to § 2255 which prohibits second or successive petitions, absent exceptional circumstances and certification by the court of appeals. 28 U.S.C. § 2255(h). Furthermore, the Court advises Petitioner that § 2255 motions are subject to a one-year limitation period, starting on the date the judgment of conviction became final, unless Petitioner establishes facts to warrant equitable tolling. 28 U.S.C. § 2255(f). See Clay v. United States, 537 U.S. 522, 525 (2003).

Prior to ruling on Respondent's motion to dismiss, the Court orders Petitioner to file a response by March 12, 2012, indicating whether he seeks to proceed with his petition pursuant to § 2255 or § 2241, amend his petition, or withdraw his petition.

**IT IS SO ORDERED**

DATED: February 9, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT